**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4059

KEITH C. COLLINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-98-163)

Submitted: June 22, 1999

Decided: September 15, 1999

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Keith C. Collins, Appellant Pro Se. Casey Allen Kniser, OFFICE OF
THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith C. Collins was charged with assaulting a coworker at the Norfolk Naval Shipyard. Following a bench trial conducted pursuant to 28 U.S.C.A. § 3401 (1994), a magistrate judge entered a judgment of conviction, and Collins appealed to the district court. See Fed. R. Crim. P. 58(g)(2)(B). The district court affirmed the conviction. Collins now appeals the district court's decision, claiming, as he did before the district court, that there was insufficient evidence to convict him. We affirm.

A defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In reviewing the sufficiency of the evidence, our role is limited to deciding whether "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). It is the trier of fact, not the reviewing court, that weighs the credibility of and resolves any conflicts in the evidence. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

At trial, Collins and three of his coworkers at the Norfolk Naval Shipyard, Johnny Miles, William Delfenthal, and Laront Carney testified. Viewing the evidence in the light most favorable to the United States, Collins and Miles began arguing over whether Miles should participate in an equipment inspection. The argument escalated. When Miles stood up and turned to walk away, Collins struck him in the jaw with his fist, causing Miles to bleed and almost knocking him to the ground. Carney and Delfenthal, who were present during the incident, separated the two men.

On these facts, the evidence was sufficient to convict Collins of assault. We accordingly affirm. We note that the judgment order entered by the magistrate judge contains incorrect statutory and regulatory citations.* Accordingly, while we affirm, we also remand this

_____

*The judgment cites to 18 U.S.C. § 18.2-57, a statute which does not exist, and to 32 C.F.R. § 634.25 (1999), which pertains to traffic codes

matter to the district court for the limited purpose of correcting this clerical error on the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED
_____
on military installations. The district court correctly cites to 18 U.S.C.A. § 113 (West Supp. 1999) in its order affirming Collins' conviction. The judgment order should be corrected to reflect that Collins was convicted pursuant to 18 U.S.C.A. § 113.

3